# Philadelphia Suburban Gas & Electric Co., Appellant, v. Public Service Commission.

*. Corporations—Gas companies—Extension of time for completing plant—Public Service Commission.*

An order of the Public Service Commission extending the time to complete the necessary buildings, structural property or improvements of a gas company for a period not exceeding five years beyond the time fixed by law for the completing thereof, will not be reversed by the Superior Court in the absence of manifest error.

Argued May 9, 1917. Appeal, No. 354, Oct. T., 1916, by petitioner, from order of Public Service Commission, granting certificate of public convenience in case of Philadelphia Suburban Gas & Electric Company v. Public Service Commission of the Commonwealth of Pennsylvania. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition for certificate of public convenience.

The petition alleged that, upon the petition of the Parkesburg Gas Company, the Court of Common Pleas of Chester County, pursuant to the Act of Assembly approved May 16, 1889, P. L. 241, Section 2, and supplements, ordered, adjudged and directed, by a decree dated April 3, 1916, that the time for the said The Parkesburg Gas Company to complete its necessary buildings, structures, property and improvements shall be extended for a period not exceeding five years beyond the time fixed by law for the completion thereof.

The protestant alleged that it is a corporation duly merged in 1910 with the Coatesville Gas Company and Coatesville Gas, Fuel & Power Company, the former of which was chartered in 1899 for the purpose of the manufacture and supply of gas for light only in the district comprising Coatesville City, other townships and the

townships of Valley and East Fallowfield, Chester County, Pennsylvania; and the latter of which was chartered in 1903, for the manufacture and supply of gas for all purposes other than for light in a certain district comprising Coatesville City aforesaid, and the said townships of Valley and East Fallowfield.

The protestant further alleged that it is, and has been for more than four years past, furnishing gas to the public in the said townships of Valley and East Fallowfield in supply commensurate with the demand therefor; that it intends to extend its supply system in said territory whenever and wherever the public demand warrants; and that there is neither present nor prospective business in the said territory to warrant the successful operation of more than one gas company therein.

The protestant further alleged that the said territory is contiguous to its plant in Coatesville City; that the plant of the petitioner is more than twice as far from the field of demand in said territory and that the rates of the protestant for supply of gas in said territory are fair and reasonable.

The protestant further alleges that it had no knowledge of the petition of The Parkesburg Gas Company to the Court of Common Pleas of Chester County as aforesaid for an extension of charter until it was served with a copy of the petition applying to the commission for approval of the decree of said court; that if it so had knowledge it would have appeared in said court and contested the said petition for extension of the charter; and that the said court of Common Pleas had no jurisdiction to make the decree aforesaid.

The protestant concluded with allegations of irreparable injury to it by the approval of said decree and that the same is not necessary or proper for the service, accommodation, convenience or safety of the public.

The commission found that the granting of the application for "the approval of the obtaining of an additional right by means of an extension of time for the comple-

tion of buildings, structures and improvements," of the petitioner is necessary and proper for the service, accommodation, convenience and safety of the public; and orders that such certificate of public convenience be issued.

*Error assigned* was order granting certificate of public convenience.

*A. M. Holding*, with him *Townsend, Elliott & Munson*, for appellant.—It is respectfully contended that the Public Service Commission had no authority to enter the order and decree entered by it, or to issue the certificate based thereon: Chester County Gas Co. v. Merion, Etc., Gas Co., 16 Pa. Dist. Rep. 214; Dalmas v. Phillipsburg, Etc., R. R. Co., 254 Pa. 9; Com. ex rel. v. Lykens Water Co., 110 Pa. 391; Millcreek Twp. v. Erie Rapid St. Ry. Co., 209 Pa. 300; Relief Electric L., H. & P. Co.'s Petition, 63 Pa. Superior Ct. 1; Jenkins Twp. v. Public Service Commission, 65 Pa. Superior Ct. 122.

*Berne H. Evans*, for Public Service Commission.

OPINION BY ORLADY, P. J., April 22, 1918:

The only question decided by the Public Service Commission affected by this appeal, was whether the order it made evidencing the commission's finding of facts as set out in the petition justified the extension of the time to complete the necessary buildings, structural property or improvements of the Parkesburg Gas Company, for a period not exceeding five years beyond the time fixed by law for the completion thereof, in accordance with a decree of the Court of Common Pleas of Chester County, dated April 3, 1916. The legal question involving the validity of the merger and consolidation of the Parkesburg Gas & Light Company and the Parkesburg Gas, Fuel and Power Company, were disposed of in the decree of April 3, 1916, and from this no appeal was taken. The

commission accepted that decree as a valid determination of the legal matters involved in the proceeding, and simply disposed of the administrative question, namely, that it was necessary and proper for the convenience, safety and comfort of the public that the extension be made. The effect to be given this decision is to be measured by the provisions of Section 21, of Article V, of the Public Service Company Law, viz: "The issuing by the Commission of any Certificate of Public Convenience or any Certificate of Valuation, enumerated or provided for in this act, or any finding, determination or order made by the commission, refusing or granting such certificate, shall not be construed to revive or validate any lapsed, terminated, invalidated, or void powers, franchises, rights, or privileges; or to enlarge or add to the rights, powers, franchises, or privileges contained in any charter, or in the grant of any franchises or any supplement or amendment to any charter, or to waive or remit any forfeiture."

The question of forfeiture of franchises and charter rights of the appellant is not before us for review, as that question was considered and disposed of in the equity proceeding in Chester County, and relief from that decree cannot be had in this appeal from the Public Service Commission's decision. The cases relied on, Relief E. L., H. & P. Co., 63 Pa. Superior Ct. 1, and Jenkins Township v. Public Service Commission, 65 Pa. Superior Ct. 122, are clearly distinguishable from the case now presented.

The conclusion reached by the Public Service Commission is not so clearly erroneous as to warrant a reversal, and the order made is affirmed.